UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| **CARLTON E. SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 3:11-CV-419 |
| | ) (Phillips) |
| **CITY OF KNOXVILLE, TENNESSEE,** | ) |
| **JOEL ASCENCIO, STERLING P. OWEN, IV,** | ) |
| **DAVID B. RAUSCH, DON JONES, B. MULLANE** | ) |
| **and other Unknown Officers,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

Plaintiff Carlton Smith has brought suit pursuant to 42 U.S.C. § 1983 for violation of his constitutional rights arising out of his arrest by officers of the Knoxville Police Department on August 27, 2010. Smith has also alleged several tort claims based on Tennessee law for false imprisonment, official oppression, and malicious prosecution.

Defendants Sterling P. Owen IV, Don Jones and David B. Rausch have moved to dismiss Smith's claims against them in their individual capacities stating that the complaint fails to allege facts which could support a claim for which relief can be granted. Defendants also move the court to dismiss them in their official capacities as those claims

are redundant to the claims asserted against the City of Knoxville. For the reasons which follow, the defendants' motions to dismiss are granted.

## Factual Allegations

The factual allegations are taken from plaintiff's complaint. On August 27, 2010, at approximately 2:22 a.m., Smith was walking along the sidewalk of Cumberland Avenue in Knoxville, to get something to eat from the Pilot gas station. Smith had a backpack over his shoulder. Dustin Risdon, with whom Smith had no familiarity or association, was walking ahead of Smith and appeared to be visibly intoxicated. At one point, Risdon stumbled off the sidewalk and into the path of oncoming traffic. Smith ran to the aid of Risdon and pulled him back on the sidewalk to safety. This action drew the attention of Officer Joel Ascencio of the Knoxville Police Department. Officer Ascencio was accompanied by an unknown officer of the Knoxville Police Department. When Officer Ascencio drew near, he recognized Smith as a local homeless individual, and commanded Smith to approach. Smith alleges that Officer Ascencio began to harass him. Smith asserted his constitutionally protected right to remain silent, which Smith alleges angered Officer Ascencio.

Smith next alleges that Officer Ascencio began to threaten him with arrest if he did not stop asserting his constitutionally protected rights. Eventually, Officer Ascencio turned his attention to Risdon and placed him under arrest for public intoxication. Officer Ascencio then excused Smith and Smith picked up his backpack to leave. As he began

to leave, Officer Ascencio told Smith to "hold on." Smith alleges that due to their show of force and police authority, he did not feel free to leave. Smith informed Officer Ascencio that the backpack was his and had been in his possession when the officers arrived. Risdon confirmed that the backpack did not belong to him, nor had he been in possession of it. Smith alleges that the backpack contained his personal effects and thyroid medication and he could not leave the backpack behind.

Smith alleges that Officer Ascencio seized both his person and the backpack in violation of Smith's Fourth Amendment right to be free from unreasonable seizure and false imprisonment. Officer Ascencio asked Smith if there was anything in the backpack with Smith's name on it. Smith confirmed that he had medication in the backpack with his name on it. Officer Ascencio asked Smith if he could search the backpack. Asserting his constitutionally protected right to be free from illegal search, Smith replied that he did not want Officer Ascencio searching through his property. Officer Ascencio continued to request permission from Smith to search the backpack, and Smith continued to refuse permission to search his backpack.

When Smith stated that he was just going to take his backpack and leave, he was not allowed to do so. Instead, Officer Ascencio called a member of the canine unit to see if the canine would hit on the backpack and continued to restrain Smith. Smith alleges that Officer Ascencio did not have an objectively reasonable suspicion that the backpack contained evidence of a crime or wrongdoing, and he had no right to detain Smith. Smith

offered to show Officer Ascencio the medication, but Officer Ascencio refused to let him reach inside the backpack.

Officer B. Mullane of the Knoxville Police Department arrived on the scene with a canine at approximately 2:40 a.m. Office Mullane led the canine past the backpack multiple times without the canine hitting on the backpack. Smith alleges that Officer Mullane reached down toward the backpack and signaled the canine to hit on the backpack. A moment later, Officer Mullane threw the canine's training/reward ball onto the backpack. The officers then stated that the canine had made a positive hit on the backpack, and arrested Smith for disorderly conduct. When the officers searched the backpack, Smith alleges they did not find anything illegal; however, the officers did find medication bearing Smith's name. Upon searching Smith's person, a pipe was found in his right front pocket. On August 27, 2010, Smith was charged for possession of drug paraphernalia and disorderly conduct. Since Smith was on probation at the time, these new charges were used to file a warrant for violation of probation. Smith was imprisoned at the Knox County Detention Facility from August 27, 2010 until November 1, 2010.

On November 1, 2010, Judge Charles Cerny of the General Sessions Court for Knox County, Tennessee, dismissed the charges of possession of drug paraphernalia and disorderly conduct against Smith for failure to prosecute, and also dismissed the violation of probation warrant that had been filed against Smith. Smith alleges that the City of Knoxville, through its police department, Sterling P. Owen IV, David B. Rausch, and Don

Jones, "permitted, encouraged, tolerated and ratified a pattern and practice of unreasonably and unconstitutionally detaining individuals for the purpose of bringing a canine to the scene when no reasonable suspicion of criminal activity exists;" and "permitted, encouraged, tolerated, and ratified a pattern and practice of unreasonably and unconstitutionally arresting individuals on the pretext of an offense such as disorderly conduct without probable cause." Smith further alleges that "the failure of the defendants Sterling P. Owen IV, David Rausch, Don Jones, and the City of Knoxville to provide adequate training and supervision to police officers as to the proper and lawful use of authority to detain and arrest individuals, amounts to gross negligence and deliberate indifference to the life and liberty of the citizens of the City of Knoxville, Tennessee."

## Standard of Review

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.) *cert. denied,* 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must

articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

In *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955 (2007), the Supreme Court readdressed the pleading requirements under the Federal Rules. The Court stressed that, although a complaint need not plead "detailed factual allegations," those allegations "must be enough to raise a right to relief above the speculative level. *Id.* at 1964-65. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen,* No. 03-5306, 2007 U.S.App. LEXIS 20556, at * 6 (6th Cir. Aug. 28, 2007) (citing *Twombly,* 127 S.Ct. at 1965). Further, the Court observed that Federal Rule of Civil Procedure 8(a)(2) does require a "showing" that the plaintiff is entitled to relief and that this substantive threshold is not achieved by conclusory assertions. *Twombly,* at 1965 n. 3. Although Federal Rule of Civil Procedure 8 establishes a "liberal system of notice pleading," *E.E.O. C. v. J.H. Routh Packing Co.,* 246 F.3d 850, 851 (6th Cir.2001), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombley,* 127 S.Ct. at 1964-65 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986).

## Analysis

Section 1983 imposes liability on any "person who, under color of any statute, ordinance, regulation, custom or usage, of any State" subjects another to "the deprivation of any rights, privileges, or immunities secured by the Constitution or laws." 42 U.S.C. § 1983. In order to prevail on such a claim, a § 1983 plaintiff must establish (1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law. *Whittstock v. Mark A. Van Sile, Inc.,* 330 F.3d 899, 902 (6th Cir. 2003). Section 1983 is not the source of any substantive right, but merely provides a method for vindicating federal rights elsewhere conferred. *Gardenshire v. Schubert,* 205 F.3d 303, 310 (6th Cir. 2000). It is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings. *Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir. 1986).

Defendants Owen, Jones and Rausch assert that the complaint fails to state a claim against each of them in their individual capacities. In order for these defendants to be held liable in their individual capacities, the complaint must demonstrate that they personally condoned, encouraged, or participated in the conduct that allegedly violated Smith's rights. *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989). A supervisor must have "at least implicitly authorized, approved or knowingly acquiesced in the misconduct." *Hays v. Jefferson Co.*, 668 F.3d 869, 872 (6th Cir. 1982). Conclusory allegations are not enough.

-7-

The complaint must establish "a causal connection between the misconduct complained of and the official sued." *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982).

In response to defendants' motions to dismiss, Smith has filed a response stating:

> In the instant case, the plaintiff alleges that Knoxville police officers, Sterling P. Owen and Don Jones, illegally detained the plaintiff, deprived him of his liberty, illegally and without just cause searched his person and property and later released him. The defendant's [sic] allege that the plaintiff has failed to state a claim that would entitle him to relief and that they are entitled to their motion to dismiss. The defendants are wrong on both counts. Stated simply, the defendant [sic] has alleged a deprivation of his constitutional rights that would entitle him to relief if proven, therefore as a matter of right, under Federal Rule of Civil Procedure Rule 12(B)(6), the plaintiff is entitled to proceed in his action against defendants Owen and Jones.

Here, Smith as not offered any factual allegations that defendants Owen, Jones or Rausch personally condoned, encouraged, or participated in his arrest or prosecution. While Smith raised numerous claims about his detention and arrest on November 27, the only specific allegations against these defendants are that they were responsible for the training and supervision of the officers involved. Smith offers no facts regarding how these defendants were personally and directly involved in any conduct that allegedly violated his rights. To the extent that Smith seeks to hold defendants liable in some type of supervisory capacity, that claim fails as *respondeat superior* is not a sufficient basis for the imposition of liability in § 1983 actions. *See Polk Co. v. Dodson*, 454 U.S. 312,

-8-

325 (1981). Liability of supervisory personnel must be based on more than merely the right to control employees. *Hays*, 668 F.2d at 872. The law requires that there must be a direct casual link between the acts of individual officers and the supervisory defendants. *Id.* Smith's allegations that defendants "permitted, encouraged, tolerated and ratified a pattern or practice [of constitutional violations]," are nothing more than legal conclusions couched as factual allegations, which are insufficient to state a cause of action against these defendants under § 1983. *Ashcraft,* 129 S.Ct. at 1950.

In addition, the court finds Smith's conclusory allegation that defendants' failure to train amounts to deliberate indifference is unsupported by any facts in the complaint. Deliberate indifference to the duty to train exists where "inadequate training is obvious, and the inadequacy [of the procedure] is likely to result in the violation of constitutional rights." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). A claim is inadequately pleaded if it consists only of "conclusions and formulaic recitation of the elements of a cause of action." *Twombly*, 127 S.Ct. at 1964. Moreover, the factual allegations contained in the complaint, when taken as true, "must be enough to raise a right to relief above the speculative level." *Id.* Here, Smith's complaint contains no facts to support his legal conclusions and does no more than track the elements of a cause of action. *Id.* As such, it is insufficient to state a claim against these defendants in their individual capacities, and is subject to dismissal.

Turning to defendants motions to dismiss the claims against them in their official capacities, the court finds the motions well taken. All of Smith's claims against the defendants in their official capacities as agents or employees of the City of Knoxville are redundant to the claims against the City. As stated by the Supreme Court, a claim against an individual government official in his official capacity is "only another way of pleading an action against the entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978)). As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Id.* at 166. Likewise, Tennessee courts have held that an action against a government official in his official capacity under state law is treated as an action against the governmental entity. *See Greenhill v. Carpenter*, 718 S.W.2d 268, 271 (Tenn.Ct.App. 1996) (citing *Cox v. State*, 399 S.W.2d 776, 778 (Tenn. 1965)). The complaint alleges claims under both federal and state law against defendants Owen, Jones and Rausch which are totally duplicative of the claims against the City of Knoxville. Therefore, the claims against these individuals in their official capacities will be dismissed as well.

## Conclusion

Based on the foregoing reasons, defendant Sterling P. Owen IV, Don Jones, and David B. Rausch's motions to dismiss [Docs. 15, 18, 23] are **GRANTED,** and Sterling P. Owen IV, Don Jones, and David B. Rausch are hereby **DISMISSED** as defendants in this action**.**

**IT IS SO ORDERED**.

**ENTER:**

      s/ Thomas W. Phillips
    United States District Judge