**CIVIL ACTION NO. 11-419-DLB-HBG**

**CARLTON E. SMITH**                                                                                        **PLAINTIFF**

**vs.**                                **MEMORANDUM OPINION AND ORDER**

**CITY OF KNOXVILLE, ET AL.**                                                **DEFENDANTS**

************

## I. INTRODUCTION

Plaintiff Carlton Smith commenced a 42 U.S.C. § 1983 action against Defendants City of Knoxville (hereafter "City"), Joel Ascencio, and Brian Mullane for violating his Fourth Amendment right to be free from unreasonable seizure. Plaintiff also advanced several other claims based on both federal and state law.

On August 20, 2013, the Court granted Defendants Joel Ascencio's and Brian Mullane's motion for summary judgment with respect to the federal claims, but reserved judgment on the state law claims. (Doc. # 52). Additionally, the Court ordered Defendant City to brief the Court regarding the effect of the August 20 dismissal order on the claims against the City. (*Id.*) The City did so on August 23, 2013, and Plaintiff has failed to respond within the time period allowed by the Court. (Doc. # 53).

The Court has federal question jurisdiction under 28 U.S.C. § 1331.

For reasons set forth below, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1387 over the state law claims, and will **dismiss with prejudice** the federal claims against the City.

1

## II. FACTUAL BACKGROUND

This case concerns the detainment and subsequent arrest of Plaintiff Carlton Smith. The facts of the case are described in detail in the court's August 20 Memorandum Opinion and Order. (Doc. # 52, at 1-4). To briefly summarize, Plaintiff was assisting an intoxicated man in the early morning hours of August 27, 2010. This caught the attention of police, who arrested the intoxicated man for public intoxication and dismissed the Plaintiff. As Plaintiff began to leave, he took his backpack from the ground. The police officers, who were unaware that Plaintiff owned the backpack, asked Plaintiff to open the backpack to corroborate ownership. Plaintiff refused, and the officers detained the backpack so that a drug canine unit could conduct an exterior sniff.

Though there is some dispute regarding the officers' conduct during the canine sniff, what's clear is that Plaintiff grew very agitated during his interaction with the police. The officers arrested the Plaintiff for disorderly conduct, and while they found nothing illicit in the backpack, the officers did discover a crack pipe in Plaintiff's pocket during a search incident to arrest. The charges against Plaintiff were eventually dismissed, and Plaintiff then filed a 1983 action against the police officers and the City.

## III. SUMMARY JUDGMENT UNDER RULE 56(F)

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Therefore, in deciding a motion for summary judgment, courts must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

At present, there is neither a "moving" nor a "nonmoving" party. Yet the Federal

Rules allow the Court to grant summary judgment so long as the Court gives notice and a reasonable time to respond. Fed. R. Civ. P. 56(f). The Court did so in this case, giving Plaintiff 14 days to respond to Defendant's August 23 memorandum. (Doc. #52). That deadline has come and gone. Still, the Court will treat the Plaintiff as the "nonmoving" party for purposes of the summary judgment standard, as it is the Plaintiff's rights that will be adversely affected by this order. Accordingly, the Court will view the evidence and draw all reasonable inferences in favor of the Plaintiff.

**IV. THE CLAIMS AGAINST THE CITY FAIL BECAUSE THERE IS NO UNDERLYING CONSTITUTIONAL VIOLATION.**

Even after construing the evidence in Plaintiff's favor, the Court finds that Plaintiff's claim against the city lacks merit. To sustain a Section 1983 claim against a municipality, Plaintiff must show two things: first, that his constitutional rights were violated, and second, that there is an affirmative link between the constitutional violation and an official municipal policy or practice. *Petty v. Franklin County*, 478 F.3d 341, 347. There is no Section 1983 claim against a city "[i]f If a person has suffered no constitutional injury at the hands of the individual police officer." *Los Angeles v. Heller*, 475. U.S. 796, 799. *Heller* revolved around Section 1983 claims against the City of Los Angeles and two police officers who had allegedly arrested Heller without probable cause. *Id.* at 797. Heller also claimed that the officers used excessive force during the arrest. *Id.*

At trial, the jury found that the individual officers had not violated Heller's constitutional rights. *Id.* at 798. So the Supreme Court confronted the question of whether Heller could recover against the municipality, even though there was no underlying violation of rights. *Id.* at 799. The Supreme Court's answer was clear: "if the [police] inflicted no

3

constitutional injury on [Heller], it is inconceivable that [the city] could be liable." *Id.*

*Heller* settles the present matter. In granting summary judgment to Defendants Mullane and Ascencio, the Court essentially ruled that there was no underlying constitutional violation. (Doc. # 52). Under *Heller*, such a violation is a necessary component of a Section 1983 action against the City. *Heller*, 475 U.S. at 799. Because Plaintiff suffered no constitutional injury in this case, his claim against the City must be dismissed.

### V. THE COURT DECLINES TO EXERCISE JURISDICTION OVER STATE LAW CLAIMS.

Under 28 U.S.C. § 1367, a district court has supplemental jurisdiction over state law claims that are "so related" to federal law claims "that they form part of the same case or controversy." 28. U.S.C. 1367(a). A court may, however, decline supplemental jurisdiction over a state law claim if :

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c); *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.") (citations omitted).

The Court dismissed the federal law claims against Defendants Mullane and

4

Ascencio on August 20. And as the Court now dismisses the claims against Defendant City, there are no claims over which the Court has original jurisdiction. All federal claims have been dismissed; only state law claims remain. Because of this, the Court may, within its discretion, decline to exercise supplemental jurisdiction over the state law claims, in accordance with 28 U.S.C. § 1367(c)(3). The Court will do so here.

### VI. CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

1. Plaintiff's federal claim against Defendant City of Knoxville is hereby **DISMISSED WITH PREJUDICE**;

2. Plaintiff's state law claim against Defendants Joel Ascencio, Brian Mullane, and City of Knoxville are hereby **DISMISSED WITHOUT PREJUDICE**.

This 25th day of September, 2013.



Signed By:
*David L. Bunning*
United States District Judge

G:\DATA\Opinions\Knoxville\11-419 MOO supplemental #2.wpd